IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| KATARINA KOLOZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-111-A |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
and
### ORDER

Now before the court for consideration is the motion to remand filed in the above action by plaintiff, Katarina Koloz. Defendant, JPMorgan Chase Bank, filed a response. Defendant also filed an amended notice of removal following the court's order to do so. Having considered the parties' filings, as well as the applicable legal authorities, the court concludes that the case should be remanded to the state court from which it was removed.

I.

### Background

Plaintiff, Katarina Koloz, initiated this action by the filing of her original petition in the District Court of Tarrant County, Texas, 141st Judicial District. Plaintiff in the state

court petition alleged that her May 26, 2011 divorce decree transferred to her the homestead property and its mortgage debt at issue here. At a hearing in September 2012, defendant provided plaintiff a copy of the deed of trust, which upon examining plaintiff realized she had never signed. Instead, her then-husband, Julius Mosonyi ("Mosonyi"), had signed the deed of trust as plaintiff's "attorney in fact."

Plaintiff claims Mosonyi never obtained a power of attorney to act on her behalf in a real estate transaction, and that defendant was on notice of that fact due to no power of attorney being on file with the County Clerk. Although plaintiff has asked that defendant produce all documents supporting defendant's claim to a mortgage on the property, defendant has failed to comply.

Plaintiff in the state court petition asserted a claim of common law fraud, asked for a declaration that the deed of trust was invalid and to quiet title to the property, and sought injunctive relief to prevent foreclosure of her property. No amount in controversy is stated on the face of the petition.

2

By notice of removal filed February 14, 2013, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a). As to the amount in controversy, defendant in the notice of removal alleged that Mosonyi obtained a $212,000 loan to purchase the property. Defendant contended that because plaintiff seeks to avoid repayment of the entire debt, which is in excess of $200,000, this established the amount in controversy.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal

3

raises significant federalism concerns, which mandate strict construction of the removal statute."[1] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

Analysis

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are similar to those of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered plaintiff's arguments in the motion to remand and the authorities and arguments cited by defendant in the notice of removal, the court remains unpersuaded that the amount in controversy exceeds

the required jurisdictional minimum.

Defendant contends that it has established the amount in controversy because plaintiff seeks to avoid payment of the entire mortgage loan, which defendant contends exceeds $200,000. Defendant also argues that because the value of plaintiff's property is $128,400.00, this additionally establishes the amount in controversy.

As the court has explained more fully in other cases of a similar nature, determining the amount in controversy in a case where a plaintiff seeks declaratory or injunctive relief pertaining to his or her real property is not so simple as looking to the value of the property at issue. The proper measure of the amount in controversy is the value to the plaintiff of the requested relief. Garcia, 351 F.3d at 640 n.4. Despite defendant's arguments to the contrary, the court has been provided with no evidence establishing that amount in the instant action.

In the amended notice of removal defendant relies in part on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its

reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Defendant has failed to persuade the court otherwise.

To sum up, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED March 20, 2013.

JOHN McBRYDE
United States District Judge